# United States Court of Appeals for the Fifth Circuit

No. 22-50072
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Heinrich Wiebe-Neudorf,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-77-1

Before Davis, Smith, and Dennis, *Circuit Judges*.

Per Curiam:*

Heinrich Wiebe-Neudorf, federal prisoner # 26999-480, appeals the denial of his third motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). We review a district court's decision to deny a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50072

§ 3582(c)(1)(A)(i) motion for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Wiebe-Neudorf argues that the district court violated his First Amendment right to be heard when it did not allow the Government to respond to his current § 3582(c)(1)(A)(i) motion, which would have given him the opportunity to reply; that extraordinary and compelling reasons for relief existed; and that the district court's decision improperly denied relief based on the U.S.S.G. § 1B1.13 policy statement, 18 U.S.C. § 3142(g), and 18 U.S.C. § 3553(a), which he contends are inapplicable to his motion under *United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021).

Wiebe-Neudorf has not provided any authority indicating that he would be entitled to relief on his First Amendment claim in the context of a § 3582(c)(1)(A)(i) motion. To the extent he argues that the district court abused its discretion in denying his motion without a response from the Government, his argument is unavailing in light of the plain language of the statute, which makes no reference to a Government response. *See* § 3582(c)(1)(A); *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021). Although Wiebe-Neudorf also challenges the district court's reliance on the § 3553(a) factors, consideration of those factors is required under the statute. *See* § 3582(c)(1)(A); *Shkambi*, 993 F.3d at 393. Additionally, although Wiebe-Neudorf challenges the district court's reliance on § 1B1.13 and § 3142(g), the record indicates that the district court's decision was independently supported by its weighing of the § 3553(a) factors. *See United States v. Jackson*, 27 F.4th 1088, 1093 n. 8 (5th Cir. 2022); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). Accordingly, we need not consider Wiebe-Neudorf's contention that extraordinary and compelling reasons justified relief. *See Ward*, 11 F.4th at 360-62.

No. 22-50072

To the extent that Wiebe-Neudorf challenges the sufficiency of the district court's reasons, the argument was raised for the first time in his reply brief, and we generally do not consider issues raised for the first time in a reply brief. *See United States v. Rodriguez*, 602 F.3d 346, 360-61 (5th Cir. 2010). However, even if we were to consider this argument, it lacks merit because the reasons for the district court's denial may be reasonably inferred from the district court's order and the record. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018).

In light of the foregoing, the district court's denial of Wiebe-Neudorf's § 3582(c)(1)(A)(i) motion did not constitute an abuse of discretion. *See Chambliss*, 948 F.3d at 693-94.

AFFIRMED.